**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4090**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE SWEENEY CHOICE,

Defendant - Appellant.

———————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-6882)

———————

Submitted: November 16, 2005        Decided: January 6, 2006

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Opinion reinstated; sentence affirmed by unpublished per curiam opinion.

———————

Steven M. Hisker, Columbia, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court. We previously affirmed Eddie Sweeney Choice's conviction. United States v. Choice, No. 04-4090 (4th Cir. July 20, 2004) (unpublished). The Supreme Court vacated our decision and remanded Choice's case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

Choice's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he addresses whether the district court violated Choice's Sixth Amendment rights by enhancing his sentence based on judicial fact-finding. Counsel concedes, however, that there are no meritorious issues for appeal. Choice has filed a supplemental pro se brief also challenging his sentence under Booker.

Choice pled guilty, pursuant to a written plea agreement, to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). At sentencing, the district court assigned a base offense level of 24, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2), because Choice had two prior felony convictions for violent crimes. Specifically, Choice was convicted in 2000, of Pointing and Presenting a Firearm and in 1999, of Assault of a High and Aggravated Nature, both felonies under South Carolina law. Choice received a two-level enhancement because the firearm was reported stolen. See USSG

§ 2K2.1(b)(4). After a three-level reduction for acceptance of responsibility, Choice's adjusted offense level was 23. Choice's criminal history category V yielded a guideline range of 84-105 months imprisonment. The district court imposed a sentence at the bottom of the range.

On appeal, Choice's attorney filed an <u>Anders</u> brief addressing whether the district court complied with Fed. R. Crim. P. 11. This court affirmed Choice's conviction and sentence. On January 24, 2005, the Supreme Court granted Choice's petition for writ of certiorari, vacated this court's judgment and remanded to this court for further consideration in light of <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738 (2005).

On remand, Choice argues that he is entitled to resentencing in light of <u>Booker</u> because his sentence was enhanced based on facts not found by the jury. Specifically, he argues that his offense level was increased based on judicial fact-finding both with respect to his prior felony convictions and the enhancement he received for the stolen weapon. Because Choice did not object on either ground, this court's review is only for plain error. <u>United States v. Evans</u>, 416 F.3d 298, 300 (4th Cir. 2005).

To establish a Sixth Amendment error during sentencing, a defendant who entered a guilty plea must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted. <u>Id.</u> However, we have

recognized an exception to the general rule in that a district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. See United States v. Thompson, 421 F.3d 278, 282, 283-86 (4th Cir. 2005) petition for cert. filed __ U.S.L.W. ___ (U.S. Oct. 25, 2005) (No. 05-7266). Such enhancement will not constitute Sixth Amendment error if the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." Id. at 283.

Choice's arguments regarding the calculation of his base offense level are foreclosed by Thompson, because the district court could determine from the judicial record of Choice's prior convictions that each qualified as a crime of violence. See Shepard v. United States, 125 S. Ct. 1254, 1257, 1263 (2005) (holding that sentencing court cannot look to police reports or complaint applications to determine whether prior offense is generic burglary but may "examin[e] the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" or "some comparable judicial record of this information"); United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that the armed career criminal designation based on prior convictions does not violate Booker), cert. denied, ___ U.S.L.W. ___ (U.S. Nov. 7, 2005) (No. 05-6904); United

States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that, when the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions).

Choice also challenges the two-level enhancement he received because the firearm was reported stolen. See USSG § 2K2.1(b)(4). For purposes of determining Booker error, this court considers the guideline range based on the facts the defendant admitted before any adjustment for acceptance of responsibility. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Using this calculation with criminal history category V, the guideline range would have been 92-115 months. Because Choice's sentence was below that range, he cannot show plain error.

In accordance with Anders, we have thoroughly examined the entire record for any other potentially meritorious issues and have found none. Accordingly, we reinstate our July 20, 2004 opinion and affirm Choice's sentence after our reconsideration in light of Booker.* This court requires that counsel inform Choice, in writing, of the right to petition the Supreme Court of the United States for further review. If Choice requests that a petition be filed, but counsel believes that such a petition would

_____

*We note that this court's original opinion erroneously stated that Choice was sentenced to 82 months imprisonment. Our review of the record confirms that the district court actually imposed a sentence of 84 months.

be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Choice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

OPINION REINSTATED; SENTENCE AFFIRMED